NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JENNIFER SHELLAHANNER,
a/k/a JENNIFER JACKSON,

      Plaintiff,

v.                                                                         4:05cv44-WS

ALLTEL COMMUNICATIONS, INC.,

      Defendant.

_____

## ORDER DENYING PLAINTIFF'S MOTIONS TO REMAND AND TO STRIKE

Before the court are the plaintiff's motion to remand (doc. 19), the plaintiff's motion to strike (doc. 23) the amendment to the defendant's notice of removal, and the defendant's response (doc. 30) in opposition thereto.

The defendant removed this case from the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, asserting federal question jurisdiction based on the plaintiff's inclusion in her complaint of a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681v. There is no dispute that, at the time of removal, the defendant's notice of removal properly placed the plaintiff's lawsuit within this court's federal question jurisdiction.

By order entered March 29, 2005, this court dismissed the FCRA claim, leaving

only a state law claim for credit slander. The dismissal of the federal claim did not deprive this court of jurisdiction over the plaintiff's state law claim but, instead, left to the court's discretion the decision about whether to exercise supplemental jurisdiction over the plaintiff's state law claim. Palmer v. Hospital Authority of Randolph County, 22 F.3d 1559, 1568 (11th Cir.1994); Edwards v. Okaloosa County, 5 F.3d 1431, 1433-35 (11th Cir.1993). By motion filed April 19, 2005, the plaintiff asked this court to exercise its discretion in favor of a remand to state court. The court declines to do so.

On April 20, 2005, during the parties' Rule 16 scheduling conference, the plaintiff purportedly made a settlement demand equal to the jurisdictional amount for diversity jurisdiction. The defendant soon after filed an amendment to its notice of removal, asserting--for the first time--diversity as an additional basis of this court's jurisdiction. The plaintiff thereafter asked this court to strike the defendant's amendment. Again, the court declines to do so.

Accordingly, it is ORDERED:

1. The plaintiff's motion (doc. 23) to strike the amendment to the defendant's notice of removal is DENIED.

2. The plaintiff's motion (doc. 19) to remand is DENIED.

DONE AND ORDERED this June 17, 2005.

    /s William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE

Case No. 4:05cv44-WS