**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**JENNIFER SHELLAHANNER,**

     **Plaintiff,**

**vs.**                       **Case No.  4:05cv44-WS/WCS**

**ALLTEL COMMUNICATIONS, INC.,**

     **Defendant.**

_____/


**O R D E R**

     Defendant has moved to compel production of documents.  Doc. 37.  Plaintiff has

responded.  Docs. 40 and 41 (same response filed twice).  The motion concerns the

adequacy of Plaintiff's assertion of work product and attorney-client privileges.  Plaintiff's

response identifies four documents and a fifth general category of documents as to

which both privileges are asserted.

     Fed.R.Civ.P. 26(b)(5) provides:

> When a party withholds information otherwise discoverable under these
> rules by claiming that it is privileged or subject to protection as trial
> preparation material, the party shall make the claim expressly and shall
> describe the nature of the documents, communications, or things not
> produced or disclosed in a manner that, without revealing information itself

privileged or protected, will enable other parties to assess the applicability
of the privilege or protection.

A claim of attorney-client privilege requires proof that:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the
> person to whom the communication was made (a) is [the] member of a bar of
> a court, or his subordinate and (b) in connection with this communication is
> acting as a lawyer; (3) the communication relates to a fact of which the
> attorney was informed (a) by his client (b) without the presence of strangers
> (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal
> services or (iii) assistance in some legal proceeding, and not (d) for the
> purpose of committing a crime or tort; and (4) the privilege has been (a)
> claimed and (b) not waived by the client.

In re Grand Jury Proceedings 88-9(MIA), 899 F.2d 1039, 1042 (11th Cir.1990)

(*quoting* United States v. Jones, 517 F.2d 666, 670 (5th Cir.1975)).

As to work product, Fed.R.Civ.P. 26(b)(3) provides:

> **(3) Trial Preparation: Materials.** Subject to the provisions of subdivision (b)(4)
> of this rule [trial preparation, experts], a party may obtain discovery of documents
> and tangible things otherwise discoverable under subdivision (b)(1) of this rule
> and prepared in anticipation of litigation or for trial by or for another party or by or
> for that other party's representative (including the other party's attorney,
> consultant, surety, indemnitor, insurer, or agent) only upon a showing that the
> party seeking discovery has a substantial need of the materials in the preparation
> of the party's case and that the party is unable without undue hardship to obtain
> the substantial equivalent of the materials by other means. In ordering discovery
> of such materials when the required showing has been made, the court shall
> protect against disclosure of the mental impressions, conclusions, opinions, or
> legal theories of an attorney or other representative of a party concerning the
> litigation.

Plaintiff has identified four letters that Plaintiff's counsel sent to opposing counsel

in a related case in this court, Shellhanner v AFNI, Case No. 4:05cv56-RH/WCS. The

description of the first four of these letters is sufficient to determine the applicability of the privilege.  It is plain that there is no privilege in these documents.  Communication of privileged matter to counsel for AFNI in another case waived the privilege.

The only issue here is production of documents.  Therefore, the fifth category is relevant only with respect to documents containing communications between Plaintiff and Plaintiff's attorney related to the substantive and procedural litigation of this case, assuming that the criteria for assertion of the privilege set forth above are met.  With that assumption, the fifth category is adequate and properly asserts the attorney-client privilege.  There is no need to consider whether this fifth category properly interposes the work product privilege as the privilege claimed is limited here to attorney-client communications about this case.

Accordingly, it is **ORDERED** that Defendant's motion to compel, doc. 37, is **GRANTED**.  On or before **August 30, 2005**, Plaintiff shall produce for inspection and copying the first four documents described in the privilege log and pay Defendant $300 as Defendant's expenses of this motion.  As to the fifth category, the motion is **DENIED**.

**DONE AND ORDERED** on August 16, 2005.


**s/    William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**